DECISION
This is an appeal by Plaintiff under the Oregon Tax Amnesty Program. The tax year at issue is 2007. Plaintiff did not timely file her 2007 return. Defendant sent Plaintiff a request to file and after not receiving a return from Plaintiff, Defendant issued a Notice of Determination and Assessment on February 2, 2009.
A hearing in the matter was held by telephone March 31, 2010. Plaintiff was represented by Kathleen Franklin, LTC. Defendant was represented by Leah Kimsey, an auditor with the Oregon Department of Revenue.
The salient facts in this case are that Plaintiff did not timely file her 2007 Oregon return. Defendant mailed Plaintiff a Request to File Notice October 27, 2008. (Def's Ex A at 1.) Plaintiff did not respond to the notice. On February 2, 2009, Defendant issued a Notice of Determination and Assessment using the best information available, and determined that Plaintiff had $133,082 income subject to tax with a resulting balance due as of that date, including penalties and interest, of $2308.57. (Def's Ex B at 1.) That notice explained Plaintiff's various appeal rights. (Def's Ex B at 2.) On March 23, 2009, Defendant mailed to Plaintiff a Notice and Demand for Payment. (Def's Ex C at 1.) Finally, Defendant sent Plaintiff a Distraint Warrant and Writ of Execution on June 2, 2009. (Def's Ex D.) *Page 2 
Plaintiff thereafter filed her 2007 return with Defendant in November 2009 with an amnesty application. (Ptf's Compl at 5.) Defendant denied Plaintiff's amnesty application and Plaintiff timely appealed that denial to this court. Plaintiff has requested that the court remove all penalties and one-half of the interest pursuant to the amnesty program. (Id. at 1.) Defendant in its Answer asked the court to uphold its amnesty application rejection. (Def's Answer at 2.)
Under Oregon's new tax amnesty program, certain taxpayers can be relieved of their outstanding tax liabilities. However, one of the limitations under the act is that "a taxpayer may not participate in the tax amnesty program if, prior to the starting date of the period described in section 1 (2) of th[e] 2009 Act, the department has issued a notice of deficiency to the taxpayer or has assessed a tax for a tax year for which the taxpayer could otherwise apply for amnesty * * *." Or Laws 2009, ch 710, § 2 (2). The "starting date" set forth in section 1 (2) of the 2009 act is the later of "the effective date of this 2009 Act or October 1, 2009." Or Laws 2009, ch 710, § 1 (2). The "effective date of th[e] 2009 Act" was September 28, 2009. As such, the starting date of the act was October 1, 2009.
Plaintiff does not qualify for relief under the amnesty program because Defendant issued a Notice of Determination and Assessment on February 2, 2009, roughly nine months before the effective date of the act. Now, therefore, *Page 3 
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied because Plaintiff does not qualify for relief under Oregon's recent limited amnesty program due to the issuance by Defendant of an assessment before the starting date of the act.
Dated this ___ day of May 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This Decision was signed by Magistrate Dan Robinsonon May 28, 2010. The court filed and entered this Decisionon May 28, 2010. *Page 1